**ASM COMMUNICATIONS, INC., Plaintiff,**

v.

**Edward George ALLEN, Jr. and Eleanor Bauer Allen, Defendants.**

**No. 86 Civ. 5924 (MGC).**

United States District Court, S.D. New York.

Feb. 24, 1987.

Satterlee & Stephens by Mario A. Aieta and Robert M. Callagy, New York City, for plaintiff.

Levisohn, Lerner & Berger, by Howard Leib, New York City (Hamrick, Hoffman, Guillot & Kazubowski, by Diane Hoffman, San Jose, Cal., of counsel), for defendants.

CEDARBAUM, District Judge.

Defendants Edward George Allen, Jr. ("Mr. Allen") and Eleanor Bauer Allen ("Mrs. Allen") have moved pursuant to FRCP 12(b) to dismiss for improper venue and lack of personal jurisdiction; or, in the alternative, to transfer this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1406(a). Because the plain language of the forum selection clause for which the parties contracted mandates a California forum, defendants' motion to transfer this action to the United States District Court for the Northern District of California is granted pursuant to 28 U.S.C. § 1406(a). For the same reason, it is unnecessary to reach defendants' other objections to personal jurisdiction and venue in this District.

Plaintiff ASM Communications, Inc. ("ASM") is a New York corporation with its principal place of business in New York City. It is undisputed that plaintiff "does business" in California, and indeed, operates in San Francisco the business at issue in this suit. In 1985, pursuant to a written agreement (the "Agreement"), ASM purchased from Mr. and Mrs. Allen one hundred percent of the stock of Allen Pacific Company, Inc. ("Allen-Pacific"), a California corporation. In 1986, plaintiff filed this action in the United States District Court for the Southern District of New York, based on defendants' alleged misrepresentations in connection with the sale of Allen-Pacific.

Paragraph 14 of the Agreement provides as follows:

14. *JURISDICTION AND VENUE.* This Agreement shall be governed by and construed in accordance with the laws of the State of California, except where Federal law may be in conflict. Should any dispute arise regarding this agreement, California law shall be preferred. Since the subject matter of this agreement concerns the sale of shares of a California corporation located in the City and County of San Francisco, State of California, *jurisdiction and venue shall be* in the state courts located in the City and County of San Francisco, State of California, and in the case of federal jurisdiction, in the Northern District of the State of California. (Emphasis added.)

Both sides agree that if the underlined language is mandatory, this action must either be dismissed or transferred to the Northern District of California. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

In opposition to defendants' motion to transfer, plaintiff argues that the language of the forum selection clause is not mandatory, but permissive, and, therefore, does not preclude the trial of this action in the Southern District of New York. Essentially, plaintiff argues that without the word "exclusively," the word "shall" is permissive. Plaintiff also contends that the language is ambiguous, and that any ambiguity should be construed against the drafter, even though the Agreement was negotiated at arm's length with able counsel on both sides. Paragraph 14 of the Agreement addresses in its first two sentences what law shall govern, and in its final sentence, the discrete subject of forum selection. Plaintiff points to an ambiguity in the choice of law provision as support for its argument that the forum selection language is ambiguous. But a fair reading of Paragraph 14 shows that the choice of law sentences do not affect the clarity of the separate forum selection sentence.

In common usage and understanding, the word "shall" signifies a command. The word "may" is permissive. Uncoerced forum selection agreements are not disfavored. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). There is no basis in

**840**

law, logic or policy for straining to construe the word "shall," which was agreed to at arm's length by both parties, as if it were a synonym for the word "may," which plaintiff now prefers. The unambiguously expressed forum selection agreement requires that this action be tried in California. Therefore, venue in the Southern District of New York is improper. *See Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.*, 466 F.Supp. 71, 72–73 (S.D.N.Y.1978). Accordingly, this action is transferred, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Northern District of California.

SO ORDERED.