**Sanford S. ASHER, as trustee of the Judith Katz Clayton Trust, Plaintiff,**

v.

**Henry H. GOLDBERG, Alan B. Geller, Jack I. Luria, and GGL Investment Partners, Defendants.**

**No. 91 Civ. 5466 (KC).**

United States District Court, S.D. New York.

Oct. 24, 1991.

Marjorie Levine, Jaffee & Asher, New York City, for plaintiff.

Robert D. Piliero, Piliero & Goldstein, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

CONBOY, District Judge:

Currently pending before this Court are plaintiff's motion to remand this case to the New York State Supreme Court, New York County, plaintiff's motion for Rule 11 sanctions, and defendants' cross-motion to transfer this case to the United States District Court for the District of Maryland. For the reasons that follow, plaintiff's motion to remand is granted, his motion for Rule 11 sanctions is denied, and defendants' cross-motion is denied.

## BACKGROUND

Plaintiff Sanford Asher ("Asher") is a New York resident and a trustee of the Judith Katz Clayton Trust ("trust"). Defendants Henry H. Goldberg ("Goldberg"), Alan B. Geller ("Geller"), and Jack I. Luria ("Luria") are Maryland residents and are general partners in GGL Investment Partners ("GGL"), a Maryland general partnership. On August 11, 1988, Goldberg executed and delivered a $1,665,000 promissory note to Asher as partial consideration for Goldberg's purchase from the trust of the trust's interest in eleven limited partnerships. On August 12, 1988, Goldberg assigned the eleven partnerships to GGL, and GGL assumed Goldberg's obligation on the promissory note.

On July 30, 1990, the trust, GGL, Goldberg, Geller, and Luria entered into a modification agreement that provided, *inter alia*, that should the aggregate net worth of Goldberg, Geller, and Luria fall below $77,179,535 for any one year, the trust would have the right to "accelerate the maturity of the Note to the Date that is ten (10) days after the date on which the Trust gives notice to GGL of its election to accelerate based on such a reduction in aggregate net worth." Modification Agreement at ¶ 10. The modification agreement also provided that "[i]n the event of a dispute under the Note or this first modification, the Supreme Court of the State of New York shall have jurisdiction." Modification Agreement at ¶ 24.

On June 10, 1991, Goldberg, Geller, and Luria delivered to Asher documents that stated that Goldberg, Geller, and Luria's aggregate net worth exceeded $77,179,535. Believing that Goldberg, Geller, and Luria's aggregate net worth was less than that amount, Asher notified them on June 13, 1991, that he had elected to accelerate the maturity of the note.

On July 15, 1991, Asher commenced this action in the New York State Supreme Court, New York County, to recover on the $1,665,000 note plus interest and liquidated damages. On August 13, 1991, pursuant to 28 U.S.C. § 1441(a) and on the basis of diversity of citizenship, defendants removed the state court action to this court. Arguing that ¶ 24 of the modification agreement is a mandatory forum selection clause, Asher now moves that the instant case be remanded to the New York State Supreme Court, New York County. Defendants contend that the forum selection clause is permissive and they cross-move that this case be transferred to the United

States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a).

## ANALYSIS

■ The first issue in this case is whether the instant forum selection clause is permissive or mandatory. In *Seward v. Devine*, 888 F.2d 957 (2d Cir.1989), the Court of Appeals was faced with a forum selection clause in a purchase agreement which stated that "the New York State Supreme Court, Delaware County, shall have jurisdiction over all litigation which shall arise out of any disputes or disagreements between the parties concerning a breach or interpretation of any of the terms of the agreement." *Id.* at 962. The Second Circuit held that this language mandated that the suit be remanded to the New York State Supreme Court, Delaware County. The forum selection clause in the instant case is virtually identical to the clause that the Second Circuit discussed in *Seward,* and therefore the instant clause requires that this case be remanded to the Supreme Court of the State of New York, New York County.[1]

Defendants contend that *Seward* is distinguishable from the instant case because the Court in *Seward* was interpreting three separate forum selection clauses in three related agreements, and two of the clauses specified that venue as well as jurisdiction was to lie in the New York State Supreme Court, Delaware County. The defendants apparently maintain that had the Second Circuit in *Seward* been faced, as this court is faced in the instant case, with only a provision which stated that "jurisdiction shall be in the New York State Supreme Court," the Second Circuit would have held that provision permissive. However, nowhere in the *Seward* opinion does the Court of Appeals indicate that the specification of venue in the other two agreements informed the court as to the interpretation of the forum selection clause that

did not specify venue. To the contrary, the Second Circuit indicated that, standing alone, the forum selection provision in the purchase agreement had the *same meaning* as the forum selection provisions in the two other agreements. *See Seward,* 888 F.2d at 962 ("We ... note that these agreements plainly provided that venue was to be solely to the state court in Delaware County. The Farm Purchase Agreement stated that 'the New York State Supreme Court, Delaware County shall have jurisdiction....' *Similarly,* both the Joint Venture and Limited Partnership Agreements provided for 'venue and jurisdiction' in Delaware County...." (emphasis added) (citations omitted)); *see also General Electric Co. v. Southwest Silicone Co.,* 1991 WL 16022, *5 (N.D.N.Y.1991) ("When a specific court is identified as being the court with jurisdiction over all litigation arising out of disputes concerning a breach or interpretation of any term of the contract, all litigation must be brought in that court.") (citing *Seward* at 962); *ASM Communications, Inc. v. Allen,* 656 F.Supp. 838, 839–40 (S.D.N.Y.1987) (use of the word "shall" in a forum selection clause makes the clause mandatory).

Defendants point to *First National City Bank v. Nanz, Inc.,* 437 F.Supp. 184 (S.D.N.Y.1975) to support their position that the forum selection clause in the instant case is permissive. In *Nanz,* the court held permissive a contractual provision which stated that "[t]he Supreme Court of the State of New York, within any county of the city of New York, shall have jurisdiction of any dispute between the parties." While *Nanz* is directly on point, the Second Circuit's decision in *Seward* has implicitly overruled *Nanz*'s holding in this area.

Having decided that the forum selection clause in the instant case is mandatory, we turn next to the issue of whether this court should enforce the clause. The Second Cir-

---

**1.** We note that as opposed to the forum selection clause in *Seward,* the instant forum selection clause does not specify the New York county in which the plaintiff must bring the state court action. Because we hold that the instant forum selection clause mandates that this case

be remanded to the New York State Supreme Court, New York County, the issue of this case's appropriate venue within New York State will be more properly dealt with by the state court judge on remand.

cuit has held that when a court in a diversity case is faced with a mandatory forum selection clause that dictates that an action proceed in state rather than federal court, the court "should enforce [the] contractual forum selection clause unless it is clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching." *Jones v. Weibrecht,* 901 F.2d 17, 18, 19 (2d Cir.1990); *accord Karl Koch Erecting Co. v. New York Convention Center Development Corp.,* 838 F.2d 656, 659 (2d Cir. 1988). In the instant case, defendants have failed to make such a showing, and therefore this case must be remanded to the New York State Supreme Court, New York County.

■ Because we hold that the instant forum selection clause mandates that this case be remanded to the New York State Supreme Court, New York County, the defendant's cross-motion to transfer this action to the United States District Court for the District of Maryland is denied. Finally, plaintiff's motion for Rule 11 sanctions is denied.

## CONCLUSION

Plaintiff's motion to remand this case to the New York State Supreme Court, New York County is granted, his motion for Rule 11 sanctions is denied, and defendants' cross-motion to transfer this case to the United States District Court for the District of Maryland is denied.

SO ORDERED.