**JOHN BOUTARI AND SON, WINES AND SPIRITS, S.A., Plaintiff–Appellant,**

v.

**ATTIKI IMPORTERS AND DISTRIBUTORS INCORPORATED, Defendant–Appellee.**

**No. 1080, Docket 93–7904.**

United States Court of Appeals, Second Circuit.

Argued Feb. 24, 1994.

Decided April 15, 1994.

* The Honorable Peter H. Beer, United States District Judge for the Eastern District of Louisiana,

Scott H. Wyner, New York City (Winick & Rich, P.C., of counsel), for plaintiff-appellant John Boutari and Son, Wines and Spirits, S.A.

Patricia Gallagher, Huntington, NY (McCarthy, McCarthy & DeMartin, P.C., of counsel), for defendant-appellee Attiki Importers and Distributors Inc.

Before: VAN GRAAFEILAND, JACOBS, Circuit Judges, and BEER, District Judge.*

sitting by designation.

VAN GRAAFEILAND, Circuit Judge:

John Boutari and Sons, Wines and Spirits, S.A. appeals from a summary judgment of the United States District Court for the Eastern District of New York (Spatt, J.) which dismissed its claims against Attiki Importers and Distributors Incorporated for breach of contract, goods sold and delivered, and unjust enrichment, on the ground that the district court lacked jurisdiction to hear the matter due to a forum selection clause in the contract at issue. The district court also dismissed Attiki's counterclaim for breach of contract and failure to act in good faith. Both dismissals were without prejudice. For the reasons that follow, we reverse.

Boutari is a Greek corporation engaged in the business of producing and exporting wines and spirits. Attiki is a New York corporation which imports and distributes wines and spirits. On or about March 1, 1989, Boutari and Attiki entered into a written agreement which provided, among other things, that Attiki would act as Boutari's exclusive distributor in the United States for certain products from March 1, 1989 through December 31, 1990.

Article 14 of the Agreement contains the following forum selection clause, which is at the heart of the dispute on this appeal:

This Agreement shall be governed and construed according to the Laws of Greece.

Any dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek Courts, specifically of the Thessaloniki Courts.

Boutari's principal offices are located in Thessaloniki, Greece; Attiki's principal offices are on Long Island in New York.

On February 5, 1992, Boutari commenced the instant suit against Attiki in the United States District Court for the Eastern District of New York. Boutari's complaint sought money allegedly owed by Attiki for goods shipped during the contract period. In its answer, Attiki denied all allegations of wrongdoing and asserted a number of affirmative defenses including lack of jurisdiction. Paragraph 24 of the answer sets forth that defense as follows:

This Court lacks jurisdiction over this matter and this answering defendant since the parties have contractually agreed that any dispute shall come within the jurisdiction of the competent Greek courts, specifically of the Thessaloniki Courts.

Attiki's answer also included a counterclaim alleging that Boutari failed to negotiate in good faith an extension of the agreement. Thereafter the parties proceeded with discovery. Attiki utilized the discovery process to depose in Nassau County, New York one of Boutari's officers, Thras Anastasiades, who resides in Greece. Discovery was completed by December 4, 1992. A pretrial order deadline was set for February 5, 1993, and that deadline was later extended by about a month.

On February 25, 1993, Boutari filed a motion for summary judgment. On April 7, 1993, Attiki filed a memorandum in opposition to Boutari's motion for summary judgment as well as a cross-motion for summary judgment asking the district court to dismiss Boutari's complaint on the ground that the Court lacked jurisdiction because of the forum selection clause in the contract.

 The district court denied Boutari's motion for summary judgment and granted Attiki's, thereby dismissing all claims without prejudice. The district court held, among other things, that because of the contract's forum selection clause the "Court must dismiss the action based upon a lack of jurisdiction." In so doing, the district court clearly erred. The general rule in cases containing forum selection clauses is that "[w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir.1989); *see also Hunt Wesson*

*Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 77–78 (9th Cir.1987); *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955, 956–57 (5th Cir. 1974); *Citro Florida, Inc. v. Citrovale, S.A.,* 760 F.2d 1231, 1231–32 (11th Cir.1985). Of course if mandatory venue language is employed, the clause will be enforced. *Docksider,* 875 F.2d at 764; *see also Seward v. Devine,* 888 F.2d 957, 962 (2d Cir.1989); *Sterling Forest Associates, Ltd. v. Barnett–Range Corp.,* 840 F.2d 249, 251–52 (4th Cir. 1988).

The choice of forum must be mandatory rather than permissive. *Utah Pizza Service, Inc. v. Heigel,* 784 F.Supp. 835, 837–38 (D.Utah 1992). "Although the word 'shall' is a mandatory term, here it mandates nothing more than that the [Greek courts] have jurisdiction." *Hunt Wesson,* 817 F.2d at 77; *Caldas & Sons, Inc. v. Willingham,* 791 F.Supp. 614, 619 (N.D.Miss.1992).

The general rule above stated has been applied repeatedly in the district courts of this Circuit. *See, e.g., Heyco, Inc. v. Heyman,* 636 F.Supp. 1545, 1547–48 (S.D.N.Y. 1986); *Leasing Service Corp. v. Patterson Enterprises, Ltd.,* 633 F.Supp. 282, 283–84 (S.D.N.Y.1986); *Credit Alliance Corp. v. Crook,* 567 F.Supp. 1462, 1464–65 (S.D.N.Y. 1983); *Coface v. Optique Du Monde, Ltd.,* 521 F.Supp. 500, 506 (S.D.N.Y.1980); *City of New York v. Pullman, Inc.,* 477 F.Supp. 438, 442 n. 11 (S.D.N.Y.1979); *First National City Bank v. Nanz, Inc.,* 437 F.Supp. 184, 186–87 (S.D.N.Y.1975).

To the contrary is *Asher v. Goldberg,* 775 F.Supp. 709, 711 (S.D.N.Y.1991), in which the district court held that the rule in *Nanz* (construing a contract provision that a particular place "shall have jurisdiction" as permissive rather than exclusive) was overruled by our opinion in *Seward v. Devine,* 888 F.2d 957 (2d Cir.1989). However, *Asher*'s reading of *Seward* is in error. Two of the three documents at issue in *Seward* specified venue as well as jurisdiction. Neither the analysis nor the result in *Seward* establishes a rule in this Circuit that exclusive jurisdiction is conferred by a contract term specifying which courts "shall have jurisdiction" in the event of a dispute.

As succinctly summarized by former Judge Weinfeld in *Pullman,*

> an agreement *conferring* jurisdiction in one forum will not be interpreted as *excluding* jurisdiction elsewhere unless it contains specific language of exclusion. . . .

477 F.Supp. at 442 n. 11.

Judge Weinfeld also observed that "[t]he normal construction of the jurisdiction rules includes a presumption that, where jurisdiction exists, it cannot be ousted or waived absent a clear indication of such a purpose. . . ." *Id.* at 443. There is no such indication in the instant case. The clause at issue herein did not deprive the district court of jurisdiction.

As above stated, pretrial proceedings were substantially complete when Boutari's complaint was dismissed. Attiki has failed to demonstrate any prejudice if the litigation is consummated in the Eastern District of New York. Its counsel will encounter the same difficulties in interpreting Greek law whether the case is tried in New York or in Greece. Boutari's contention that Attiki's motion to dismiss was simply a tactical ploy for delay, may not be without merit. *See, e.g., Manu International, S.A. v. Avon Products, Inc.,* 641 F.2d 62, 68 (2d Cir.1981) (Van Graafeiland, J., concurring). In any event, the district court erred in holding that it was without jurisdiction, and its judgment of dismissal is reversed. The matter is remanded to the district court with instructions to retain jurisdiction and dispose of the litigation on the merits.