Raad v. Bank Audi S.A.L.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-two.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

Patricia Raad, Stephanie Raad, David Raad,

> *Plaintiffs-Appellants*

> v.                                                          No. 21-2612

Bank Audi SAL,

> *Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | DOUGLAS A. KELLNER, Kellner Herlihy Getty & Friedman LLP, New York, NY. |
| **FOR DEFENDANT-APPELLEE:** | JEFFREY ROTENBERG, (Michael D. Manzo, *on the brief*) DLA Piper LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 30, 2021 judgment of the district court is **VACATED** and the action is **REMANDED** for further proceedings consistent with this summary order.

This is a breach of contract case. Plaintiffs Patricia, Stephanie, and David Raad (together, the "Raads") sued Defendant Bank Audi S.A.L. ("Bank Audi" or the "Bank"), alleging that the Bank cheated them out of millions of U.S. dollars by not allowing them to withdraw their money from their Lebanese bank accounts. The Raads appeal the district court's dismissal of their complaint for *forum non conveniens* based on the forum clauses in their agreements with the Bank. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and recount only as necessary to explain our decision.

**BACKGROUND**

The Raads have bank accounts with Bank Audi, a leading bank in Lebanon. To open their accounts, the Raads signed a series of agreements ("General Agreements") with the Bank. The parties agree that they are bound by the General Agreements and that the General Agreements govern their relationships. Chapter Six, Section 10 of the General Agreements contains a choice of law and forum clause.[1] It provides:

---

[1] The quoted language is from the General Agreements that Stephanie, David, and Patricia signed in 2016, 2017, and 2020, respectively. Patricia signed an Arabic language version of the General Agreement in 2014, which, according to the Bank's translation, stated "[t]he Beirut courts *alone* shall have jurisdiction over any dispute that may arise of this Agreement and its annexes or of the accounts of the client or the other account holders and all matters related to or resulting from the accounts." Joint App'x at 417 (emphasis added). The parties disagree as to which version of the General Agreements governs Patricia's relationship with the Bank. The district court did not reach this issue. Accordingly, we remand the issue to the district court and consider only the language quoted in the text above. *See*

> [T]his Agreement shall be governed by and construed in accordance with Lebanese laws. Beirut courts shall have jurisdiction over any dispute that may arise of this Agreement and its annexes or of the Accounts of the Client or the other Account holders and all matters related to or resulting from the Accounts. However, the Bank shall be entitled to take legal actions against the Client, the Cardholder, the Secondary User or their successors before any other courts in Lebanon or abroad.

Joint App'x at 37.[2]

Due to increasing financial instability in Lebanon, in October 2019 the Raads requested that the Bank transfer their funds to their American bank accounts. To date, the Bank has not complied with their request.

In December 2020, the Raads filed breach of contract claims under Lebanese law in New York Supreme Court, County of New York. The Bank removed the case to federal court. It then moved to dismiss the Raads' claims on jurisdictional and *forum non conveniens* grounds and for failure to state claims. The district court granted the motion on *forum non conveniens* grounds based on the forum clause in the General Agreements. It concluded that the clause conferred exclusive jurisdiction and was valid. *See Raad v. Bank Audi S.A.L.*, No. 20-cv-11101, 2021 WL 4482285, at *4 (S.D.N.Y. Sept. 29, 2021).

---

*Fasano v. Yu Yu*, 921 F.3d 333, 337 (2d Cir. 2019) ("In general, a federal appellate court does not consider an issue not passed upon below." (quoting *United States v. Gomez*, 877 F.3d 76, 92 (2d Cir. 2017))).

[2] We note that we do not apply Lebanese law to our analysis of the forum clause, though the choice of law provision instructs that the General Agreements "shall be governed by and construed in accordance with Lebanese laws." Joint App'x at 37. While choice of law provisions are generally applied to determine whether a forum clause confers exclusive jurisdiction on the selected forum, *see Martinez v. Bloomberg LP*, 740 F.3d 211, 218 (2d Cir. 2014), in this case, neither party objected to the district court's reliance on federal caselaw to resolve this issue. Moreover, although the parties both cite Lebanese law and the affidavits of their Lebanese legal experts on appeal, "they do not rely on any distinctive features of [Lebanese] law" that distinguish it from general contract law principles as set out in federal precedent. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007). Therefore, we "apply general contract law principles and federal precedent to discern the meaning and scope of the forum clause" in accordance with this Court's approach in *Phillips v. Audio Active Ltd. Id.* at 385–86.

3

**DISCUSSION**

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). This Court has yet to decide whether a dismissal for *forum non conveniens* based on a forum clause is reviewed de novo or for abuse of discretion. *See Martinez*, 740 F.3d at 217. Because we conclude that dismissal was improper under either standard, we need not resolve the question here.

To determine whether a district court has properly dismissed a claim based on a forum clause, we employ a four-part analysis. We ask:

> (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, i.e., whether the parties are required to bring any dispute to the designated forum or simply *permitted* to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause. If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

*Id.* (quotation marks, alteration, and citations omitted).

The parties agree that the first and third parts of the analysis are satisfied here. At issue on appeal is whether the clause relating to jurisdiction mandatorily selected Beirut as the exclusive jurisdiction for suit (as opposed to mandating that no party may object to the institution of a suit in Beirut). Here, we determine that the district court erred in finding that the forum clause conferred exclusive jurisdiction on the Beirut courts.

4

An exclusive forum clause "require[s] that disputes must be brought in the designated forum, to the exclusion of all other fora where jurisdiction may also lie." *Glob. Seafood Inc.*, 659 F.3d at 225 (emphasis omitted). A forum clause selects an exclusive jurisdiction for litigation "when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *Phillips*, 494 F.3d at 386. A nonexclusive forum clause, by contrast, "confers jurisdiction in the designated forum, but does not deny plaintiff his choice of forum, if jurisdiction there is otherwise appropriate." *Id.* Correspondingly, when parties contract to a nonexclusive forum clause, the presumption of enforceability does not apply. *See Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 700 (2d Cir. 2009).

Where the forum clause only specifies jurisdiction (and does not incorporate obligatory venue language), it will be considered nonexclusive if it does not contain "further language indicating the parties' intent to make jurisdiction exclusive." *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*, 22 F.3d 51, 52 (2d Cir. 1994). Here, the forum clause specifies jurisdiction—"Beirut courts shall have jurisdiction," Joint App'x at 37—but contains no additional language indicating that the Beirut courts have *exclusive* jurisdiction. *See Glob. Seafood Inc.*, 659 F.3d at 225–226 (finding the forum clause[3] permissive because it contained language that "indicate[d] an intent to confer upon the [fora] the power and authority to hear disputes," but lacked "any clear exclusionary or obligatory language" that indicated that the fora had exclusive jurisdiction.).

---

[3] The clause at issue in *Global Seafood* provided that "[t]his Agreement is governed by Irish Law and the Irish Courts." 659 F.3d at 222.

The district court reasoned that because the clause used the word "shall," it mandated exclusive jurisdiction in the Beirut courts. This was error. In *John Boutari*, we found a forum clause substantially similar to the one here[4] nonexclusive because it lacked language designating the selected fora as the sole sites of jurisdiction. 22 F.3d at 53. This was despite the fact that the clause, as here, contained the mandatory term "shall." *Id*. We further explained that though the word "shall" constitutes mandatory language, it "mandates nothing more than that the [selected fora] have jurisdiction." *Id*. (quotation marks omitted). Accordingly, the presence of the word "shall" is not sufficient to demonstrate that the clause confers exclusive jurisdiction.

The Bank also argues that the forum clause's "carve-out" provision—"However, the Bank shall be entitled to take legal actions against the Client . . . before any other courts in Lebanon or abroad"—must be read as permitting only the Bank to bring legal action outside of the Beirut courts. Joint App'x at 37. The Bank contends that reading the provision otherwise would render it superfluous, and, as a result, inconsistent with basic principles of contract law. This argument is unavailing because there is an alternative reading—that the carve-out explicitly entitles the Bank to bring, but does not prevent the Raads from bringing, legal action outside the Beirut courts—which does not give the Bank the exclusive right to bring legal action elsewhere or render the carve-out superfluous.

Accordingly, the forum clause in the General Agreements contains no "specific language of exclusion clearly designating [the Beirut courts] as having exclusive jurisdiction" and, as a result, we must interpret the clause as only authorizing suit in Beirut. *Glob. Seafood Inc.*, 659 F.3d

---

[4] The clause at issue in *John Boutari* provided that "[a]ny dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek Courts, specifically of the Thessaloniki Courts." *See* 22 F.3d at 52.

at 226.  It was therefore error to rely on the presumption of enforceability to dismiss for *forum non conveniens*.

For the foregoing reasons, the judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court