24-2211 (L)
*Lanesborough 2000, LLC v. Nextres, LLC*

# United States Court of Appeals for the Second Circuit

August Term 2025
Argued:   January 14, 2026
Decided: February 6, 2026

Nos. 24-2211(L), 25-662 (Con)

LANESBOROUGH 2000, LLC,

*Petitioner-Appellee,*

v.

NEXTRES, LLC,

*Respondent-Appellant.*[*]

Appeal from the United States District Court
for the Southern District of New York
No. 23-cv-07584
P. Kevin Castel, *Judge.*

---

[*] The Clerk of the Court is respectfully directed to amend the caption as set forth above.

Before:  CARNEY, PARK, and ROBINSON, *Circuit Judges*.

Petitioner Lanesborough 2000, LLC brought claims against Respondent Nextres, LLC under an arbitration agreement, alleging that Nextres violated the parties' loan agreement.  The arbitrator ruled for Lanesborough, and the district court (Castel, *J.*) confirmed most of the arbitral award, enjoined a state-court proceeding to effectuate that confirmation, and granted Lanesborough post-award prejudgment interest.  Nextres challenges those decisions on appeal.  But Lanesborough argues that we lack jurisdiction because the parties waived the "right to appeal" in their arbitration agreement.

We conclude that the parties' contractual waiver of the "right to appeal" is not clear and unequivocal and thus cannot foreclose our review of the district court's judgment on the arbitral award.  The waiver provision is ambiguous because it fails to specify what is meant by the "right to appeal."  We thus proceed to review the district court's judgment on the merits, without deciding whether a clear waiver of the right to appeal a district court's order confirming, vacating, or otherwise ruling on an arbitration award would be enforceable.  On the merits, we conclude that the district court did not err in partially confirming the arbitrator's awards or in awarding post-award prejudgment interest to Lanesborough.  But the district court erred by failing to consider whether its injunction of a state-court foreclosure action was consistent with the Anti-Injunction Act, which prohibits most injunctions of state-court proceedings.  We thus **AFFIRM** in part and **VACATE** in part the judgment of the district court and **REMAND** for further proceedings.

————

2

ZACHARY G. MEYER, Sutton Sachs Meyer PLLC, New York, NY, *for Respondent-Appellant*.

DANIEL LEVER, Clyde & Co. US LLP, New York, NY, *for Petitioner-Appellee*.

———

PARK, *Circuit Judge*:

Petitioner Lanesborough 2000, LLC brought claims against Respondent Nextres, LLC under an arbitration agreement, alleging that Nextres violated the parties' loan agreement. The arbitrator ruled for Lanesborough, and the district court confirmed most of the arbitral award, enjoined a state-court proceeding to effectuate that confirmation, and granted Lanesborough post-award prejudgment interest. Nextres challenges those decisions on appeal. But Lanesborough argues that we lack jurisdiction because the parties waived the "right to appeal" in their arbitration agreement.

We conclude that the parties' contractual waiver of the "right to appeal" is not clear and unequivocal and thus cannot foreclose our review of the district court's judgment on the arbitral award. The waiver provision is ambiguous because it fails to specify what is meant by the "right to appeal." We thus proceed to review the district court's judgment on the merits, without deciding whether a clear waiver of the right to appeal a district court's order confirming, vacating, or otherwise ruling on an arbitration award would be enforceable. On the merits, we conclude that the district court did not err in partially confirming the arbitrator's awards or in awarding post-award prejudgment interest to Lanesborough. But the district court erred by failing to consider whether its injunction of a state-court foreclosure action was consistent with the Anti-Injunction Act,

3

which prohibits most injunctions of state-court proceedings. We thus affirm in part and vacate in part the judgment of the district court and remand for further proceedings.

## I. BACKGROUND

A. Factual Background

In July 2022, Nextres agreed to loan Lanesborough $2 million to finance the construction of a self-storage facility in Corning, New York. The deal was memorialized in a "Building Loan Agreement" and an "Arbitration Agreement," both of which are governed by New York law.

Under the Loan Agreement, Nextres agreed to disburse $2 million to an escrow account at the closing. Lanesborough would receive around $500,000 immediately and the rest in distributions based on its construction progress. Nextres secured the loan with a mortgage on the Corning property. The loan was also cross-collateralized by the property securing another loan that Nextres had made to Batchwood 1998, LLC, a company controlled by Lanesborough's owner and sole member, Rebecca Stayton. Cross-default provisions in the Lanesborough and Batchwood loan agreements allowed Nextres to foreclose on either property based on a default on either loan.

In the Arbitration Agreement, the parties agreed that "any Dispute involving the Loan . . . shall be resolved exclusively by binding arbitration" under "the rules of the American Arbitration Association" ("AAA"). App'x at 48. A "Dispute" included any "claimed wrongdoing, such as misrepresentation, negligence, breach of contract, . . . [and] breach of the covenant of good faith and fair

4

dealing." *Id.* But it did not include actions "for provisional remedies such as a temporary restraining order or preliminary injunction or for a permanent injunction based upon an arbitration award." *Id.* The Arbitration Agreement also stated that each "party shall bear their own attorney[']s fees" and that "[j]udgment on the award may be entered in any court of competent jurisdiction." *Id.*

Finally, a "Waivers" clause in the Arbitration Agreement stated:

> THE PARTIES HEREBY FREELY WAIVE THE RIGHT TO TRIAL BY JUDGE OR JURY, THE RIGHT TO APPEAL, PRETRIAL DISCOVERY AND APPLICATION OF THE RULES OF EVIDENCE.

> *Id.*

B.    The Arbitration

Lanesborough brought an arbitration claim for damages and injunctive relief, alleging that Nextres violated the Loan Agreement by failing to disburse the loan funds. The AAA arbitrator held a five-hour "emergency hearing" on Lanesborough's claims for injunctive relief and then ordered Nextres to disburse the loan funds to Lanesborough in several emergency awards.

After a final hearing on the merits, the arbitrator issued an Interim Award concluding that Nextres had breached the Loan Agreement and the implied covenant of good faith and fair dealing. The arbitrator granted Lanesborough declaratory and injunctive relief and consequential damages. But the arbitrator denied Lanesborough's request for interest on the undisbursed loan funds because he "regard[ed] an award of interest to be redundant" of his

5

award of consequential damages, which included interest paid during "the year long delay caused by Nextres." App'x at 826.

The arbitrator also concluded that Lanesborough was entitled to attorney's fees based on an arbitration rule allowing for an award of fees if both parties request such an award. Although the arbitrator grounded his *authority* to award fees in the arbitration rule, his *rationale* for awarding fees rested on Nextres's "bad faith conduct [which] continued throughout the arbitration." *Id.* at 827. That conduct included Nextres refusing to answer an interrogatory after being ordered to do so, providing "irrelevant bank records" to substantiate its (apparently false) claim that it had deposited the loan funds into the escrow account, and arguing in bad faith that an attachment to the Loan Agreement that Lanesborough offered into evidence was falsified. *Id.* at 820-21. The arbitrator then denied as moot Lanesborough's request for an award of attorney's fees as a sanction.

After receiving further submissions on attorney's fees, the arbitrator issued a Final Award granting Lanesborough over $300,000 in attorney's fees. The arbitrator explained again that Nextres's conduct had been "improper in the extreme" and "inexcusable," he recounted the litany of Nextres's misconduct, and "[t]herefore," he awarded Lanesborough attorney's fees. *Id.* at 2212. The arbitrator also pointed to the arbitration rule as a "separate and independent basis for awarding fees." *Id.*

C.    025District Court Proceedings

Lanesborough and Nextres filed cross-petitions to confirm and to vacate the Interim and Final Awards. The district court initially concluded that the arbitrator exceeded his powers under the

6

Arbitration Agreement when he awarded Lanesborough injunctive relief and attorney's fees, citing the Arbitration Agreement's provisions that actions for "provisional remedies" were not arbitrable and that each "party shall bear their own attorney[']s fees." App'x at 2601, 2606, 2608. The court also rejected Lanesborough's argument that Nextres had waived this objection by requesting attorney's fees under the Arbitration Agreement because Nextres had requested fees under the Loan Agreement. So it confirmed the portions of the Interim Award granting Lanesborough consequential damages and declaratory relief, vacated the portions of the Interim Award granting Lanesborough injunctive relief, and vacated the Final Award granting Lanesborough attorney's fees. The district court also invited Lanesborough to "move for permanent injunctive or equitable relief based on the declaratory relief that the Court has confirmed," reasoning that the parties "have the right to bring such a claim in court" under the Arbitration Agreement. *Id.* at 2613-14.

After Lanesborough moved for reconsideration of the district court's judgment, the district court reversed its vacatur of the Final Award and confirmed the award of attorney's fees to Lanesborough. It determined that the Arbitration Agreement's fee provision did not curtail an "arbitrator's inherent power to award attorney's fees for bad faith conduct," and explained that the arbitrator had "explicitly found that Nextres acted in bad faith." *Id.* at 3213.

The district court also granted Lanesborough's motion for new injunctive relief to be issued by the district court. It ordered Nextres to send Lanesborough over $1 million in loan proceeds and otherwise to comply with the Loan Agreement. It also enjoined Nextres "from the institution or continued maintenance of any foreclosure action,"

including a foreclosure action Nextres had brought against Batchwood, *Nextres, LLC et al. v. Batchwood 1998 LLC, et al.*, No. EFCA2024-000708 (N.Y. Sup. Ct.) (the "Batchwood Foreclosure Action"). App'x at 3221. The district court reasoned that Lanesborough would "suffer irreparable harm" without that injunction because the "continued existence of Nextres' foreclosure proceedings is an impediment to [Lanesborough] securing alternate financing" for its self-storage facility in Corning. *Id.* at 3220-21. Finally, the district court granted Lanesborough pre- and post-judgment interest.

Nextres timely appealed. The district court stayed the enforcement of its judgment pending our review.

## II.  DISCUSSION

### A.  Appellate Jurisdiction

Lanesborough moves to dismiss Nextres's appeal, arguing that we lack jurisdiction on the ground that Nextres waived the "right to appeal" in the Arbitration Agreement. Nextres argues that the parties waived the AAA's arbitration appeals process "without placing any limitation upon the scope of post-arbitral judicial proceedings." Opp. to Mot. to Dismiss at 4.

The Federal Arbitration Act ("FAA") permits parties to appeal an order "confirming or denying confirmation of an award or partial award" and "a final decision with respect to an arbitration" subject to the FAA, so we have statutory jurisdiction over this appeal. 9 U.S.C. § 16(a)(1)(D), (a)(3). The "normal construction of the jurisdiction rules includes a presumption that, where jurisdiction exists, it cannot be ousted or waived absent a clear indication of such

8

a purpose." *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distribs. Inc.*, 22 F.3d 51, 53 (2d Cir. 1994) (quotation marks omitted). Relying on this principle, we have held that "[f]orum selection clauses lacking any clear exclusionary or obligatory language" will not be construed to deprive courts of jurisdiction. *Glob. Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011). And we have reviewed a district court's vacatur of an arbitral award even though the parties agreed to a vague waiver of appellate review. *See Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 60 (2d Cir. 2003), *abrogated on other grounds by Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 584-85 (2008) (resolving appeal when arbitration agreement said arbitrator's decision shall not be subject to "any type of review *or appeal* whatsoever" (emphasis added)).

We thus conclude that a contractual waiver of the right to appeal that is not clear and unambiguous cannot foreclose our review of a district court's judgment on an arbitral award. That conclusion is consistent with the Tenth Circuit's holding that "contractual provisions limiting the right to appeal from a district court's judgment confirming or vacating an arbitration award" must be "clear and unequivocal." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 830 (10th Cir. 2005). Here, the scope of the waiver of the "right to appeal" in the Arbitration Agreement is ambiguous, so it cannot bar our consideration of the merits of this appeal. We thus need not decide whether a clear and unambiguous waiver of appellate review of the district court's judgment on an arbitral award would be enforceable under the FAA. *Cf. Hoeft*, 343 F.3d at 64 (declining to enforce an agreement that "bar[red] *all* judicial review" of an arbitral award (emphasis added)).

The ambiguity in the Arbitration Agreement arises from a tension between the text and the context of the waiver provision. The text states broadly that the parties waived the "right to appeal," with no limitation. App'x at 48. Lanesborough thus argues that the waiver applies to all actions between the parties, including arbitrations and suits brought in court. But that broad reading is inconsistent with the context of the waiver, which suggests a narrower interpretation. The parties waived the "right to appeal" in a clause that also waives "the right to trial by judge or jury, . . . pretrial discovery and application of the rules of evidence." *Id.* Collectively, these waived rights represent procedural protections of the court system, which the parties waived for "Disputes" subject to arbitration. In context then, the waiver of the "right to appeal" can be understood to encompass only potential appeals of the merits of arbitrators' decisions. *Cf. Dole v. United Steelworkers of Am.*, 494 U.S. 26, 36 (1990) ("The traditional canon of construction, *noscitur a sociis*, dictates that words grouped in a list should be given related meaning." (cleaned up)).

Nextres's appeal to our court illustrates the incompatibility of these two interpretations, and the resulting ambiguity in the waiver. A waiver of all appeals would include Nextres's appeal of the district court's grant of post-award prejudgment interest and injunctive relief. But if the parties waived only appeals of arbitral awards, the waiver would not include those grants, which the district court made in the first instance. It is also unclear whether a waiver of appeals of arbitral awards would include Nextres's appeal of the district court's confirmation order because an appeal of a confirmation order typically considers the statutory grounds for vacating an arbitral award, not the *substance* of the award. *See Wise v. Wachovia Sec., LLC,*

10

450 F.3d 265, 269 (7th Cir. 2006) (Federal courts "are not" "engaged in judicial review of arbitration awards under the Federal Arbitration Act."); 9 U.S.C. § 10(a).   The waiver of the "right to appeal" is thus "susceptible to more than one reasonable interpretation": first, it could mean that the parties waived *all* appeals, and second, it could mean that the parties waived only appeals of the substance of arbitral awards.   *Brad H. v. City of New York*, 951 N.E.2d 743, 746 (N.Y. 2011). That renders the waiver ambiguous, *id.*, and thus unenforceable.

This conclusion is consistent with other Circuits' interpretations of appellate waivers in arbitration agreements.   The Arbitration Agreement is unlike waivers that other Courts of Appeals have construed to bar appellate review of district courts' orders confirming arbitral awards, which were explicit about the "right to appeal" at issue.   For example, the Tenth Circuit enforced an appellate waiver stating that "*[j]udgment upon the award rendered by the arbitrator* shall be final and nonappealable."   *MACTEC*, 427 F.3d at 827 (emphasis added).   And the Fourth Circuit enforced a waiver stating that an arbitral award was "enforceable in any court of competent jurisdiction *without any right of judicial review or appeal.*" *Beckley Oncology Assocs., Inc. v. Abumasmah*, 993 F.3d 261, 262 (4th Cir. 2021) (quotation marks omitted).   In contrast, the waiver of the "right to appeal" here does not identify which appeals the parties waived.

Lanesborough responds that we should construe any ambiguity in the Arbitration Agreement against Nextres, which drafted it.   *See Albany Sav. Bank, FSB v. Halpin*, 117 F.3d 669, 674 (2d Cir. 1997) ("New York contract law includes the rule that ambiguities in contracts should be construed against the drafter.").   But that rule

applies "only as a matter of last resort after all aids to construction have been employed without a satisfactory result." *Id.* (citation omitted). The Supreme Court has thus declined to apply this canon of construction when "the FAA provides the default rule for resolving . . . ambiguities in arbitration agreements" through a clear-statement requirement. *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 186, 189 (2019). So too here. Applying the rule that appellate waivers must be clear and unequivocal means that we need not consider the rule that ambiguous contractual language should be construed against the drafter.

## B.  Confirmation of Arbitral Awards

Nextres argues that the district court erred in partially confirming the Interim Award and in confirming the Final Award. "We review a district court's decision to confirm an arbitration award *de novo* to the extent it turns on legal questions, and we review any findings of fact for clear error." *A&A Maint. Enter., Inc. v. Ramnarain*, 982 F.3d 864, 868 (2d Cir. 2020) (citation omitted). We afford "strong deference" to "arbitral awards and the arbitral process"—we do not conduct "*de novo* review of an arbitral award." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71-72 (2d Cir. 2012) (quotation marks omitted).

### 1.    *Interim Award*

The district court correctly rejected Nextres's argument that the arbitrator was guilty of misconduct and exceeded his authority in issuing the Interim Award. *See* 9 U.S.C. § 10(a)(3)-(4) (awards may be vacated when an arbitrator "exceeded [his] powers" or is "guilty of . . . misbehavior by which the rights of any party have been prejudiced").

12

Nextres says that the arbitrator engaged in "prejudicial misconduct" and exceeded his authority by (1) "improperly accord[ing] 'law of the case' treatment to the 'emergency'" injunctive awards he issued, (2) "allowing [Lanesborough's] attorney to testify" at the merits hearing and "utilizing such testimony as the basis for his finding of liability," (3) awarding Lanesborough consequential damages when Lanesborough's witness had inadequate "knowledge or information" about liability and damages, and (4) awarding consequential damages when Lanesborough "failed to prove the underlying liability." Appellant's Br. at 39, 46, 49, 52. These points do not support Nextres's claim that the district court should have vacated the Interim Award.

First, arbitral awards may be vacated for "prejudicial misconduct" only "where fundamental fairness is violated," such as when an arbitrator fails to give each party "to the dispute an adequate opportunity to present its evidence and argument." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) (quotation marks omitted). Nextres cannot satisfy that standard because, as the arbitrator observed, "Nextres had the right and opportunity to call and cross any witness it wished," including "anyone affiliated with Lanesborough," at the final hearing. App'x at 824. And the arbitrator concluded that Lanesborough's claims were "well substantiated by the evidence, including the documentary evidence submitted by both parties" and "the testimony of Nextres' own witness." *Id.*[1] So "fundamental fairness" was not "violated" at the final hearing. *Tempo Shain*, 120 F.3d at 20.

_____

[1] As Nextres admits, the arbitrator said he was considering Lanesborough's attorney's statements "as an opening argument."

Second, courts vacate arbitral awards for "excess of authority" only when an arbitrator lacks "the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue." *A&A Maint.*, 982 F.3d at 868 (quotation marks omitted). This inquiry does not consider "whether the arbitrator[] correctly decided that issue." *Id.* (cleaned up). The district court confirmed only the portions of the Interim Award that granted Lanesborough's claims for breach of contract and breach of the implied covenant of good faith and fair dealing, and that awarded Lanesborough declaratory relief and damages. Those decisions fell within the arbitrator's powers under the Arbitration Agreement, which subjected claims for "breach of contract" and "breach of the covenant of good faith and fair dealing" to mandatory arbitration, and withdrew from arbitration only actions for injunctive relief. App'x at 48. So the district court did not err in partially confirming the Interim Award.

2. *Final Award*

The district court correctly rejected Nextres's argument that the arbitrator exceeded his powers in granting attorney's fees to Lanesborough. In *ReliaStar Life Insurance Co. of New York v. EMC National Life Co.*, 564 F.3d 81 (2d Cir. 2009), we held that an arbitration agreement stating that "each party will bear its own attorney's fees" did not limit an arbitrator's authority to award fees to "sanction bad faith conduct." *Id.* at 88. So too here. The Arbitration Agreement states that "[e]ach party shall bear their own attorney[']s fees." App'x at 48. We interpret that language "to reflect the parties' agreement that the arbitrator[] may not factor attorney's . . . fees into

Appellant's Br. at 47 (quotation marks omitted). We see no reason to doubt that representation.

14

awards that result from the parties' expected good faith arbitration of a dispute," not to "preclud[e] an award of attorney's . . . fees [based on] a party's bad faith dealings."  *ReliaStar*, 564 F.3d at 88.

The arbitrator's discussion makes it clear that he awarded attorney's fees to Lanesborough based on Nextres's "bad faith conduct [which] continued throughout the arbitration."  App'x at 827; *see also id.* at 2212.[2]  As the arbitrator found, and the district court reiterated, that conduct included Nextres refusing to answer an interrogatory, providing irrelevant documents to substantiate false claims, and objecting in bad faith to documents Lanesborough offered into evidence.  Nextres offers no explanation for that conduct, and instead broadly claims that it "exhibited no 'bad faith' either prior to or after commencement of the arbitration."  Appellant's Br. at 33. Even if Nextres disputed the arbitrator's specific findings of bad faith, that challenge would fail because an "arbitrator's factual findings" generally "are not subject to judicial challenge."  *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 214 (2d Cir. 2002).  So the district court also did not err in confirming the Final Award.

## C.    Injunction of Batchwood Foreclosure Action

Nextres argues that the district court's injunction of the Batchwood Foreclosure Action is inconsistent with the Anti-

---

[2] The fact that the arbitrator considered Lanesborough's separate request for arbitral fees as a sanction to be moot does not negate this conclusion.  Neither does the arbitrator's reference to an arbitral rule allowing him to award fees when both parties request them—which he described as a "separate and independent" basis in the Final Award. App'x at 2212.  The arbitrator explained that Nextres's "unfair," "inexcusable," and "bad faith conduct" warranted its award.  *Id.* at 827, 2212.

15

Injunction Act ("AIA"), 28 U.S.C. § 2283. We review a district court's decision to grant or deny injunctive relief for abuse of discretion but review legal questions, including the interpretation of the AIA, *de novo*. *Wyly v. Weiss*, 697 F.3d 131, 137 (2d Cir. 2012). The AIA prohibits federal courts from granting "an injunction to stay proceedings in a State court" unless an injunction is "expressly authorized by Act of Congress," "necessary in aid of [the court's] jurisdiction," or necessary "to protect or effectuate its judgments." 28 U.S.C. § 2283.

The parties dispute whether the injunction of the Batchwood Foreclosure Action falls under the "in aid of jurisdiction" exception or the exception for federal courts to "protect or effectuate" their judgments, often called the "relitigation" exception. *Id.* The "in aid of jurisdiction" exception applies "where the effect of a state court proceeding would be to defeat or impair the jurisdiction of the federal court." *Wyly*, 697 F.3d at 137 (cleaned up). The "relitigation" exception "authorizes a federal court to enjoin state litigation of a claim or issue that previously was presented to and decided by the federal court." *Id.* at 139 (quotation marks omitted). These "exceptions are narrow and are not to be enlarged by loose statutory construction." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988) (cleaned up). So any "doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970).

The district court did not assess whether its injunction of the Batchwood Foreclosure Action fell under these narrow exceptions. Instead, it issued that injunction on the ground that the "continued

16

existence of Nextres' foreclosure proceedings is an impediment to [Lanesborough] securing alternate financing" for its construction of the Corning self-storage facility.   App'x at 3220.   That rationale appears to have no basis in the AIA, so we vacate the injunction and remand for the district court to assess whether it comports with the AIA or requires reformulation.

D.    Prejudgment Interest

The district court awarded Lanesborough prejudgment interest from the date of the Interim Award "through the date of the entry of the judgment in this action."   App'x at 3223.   Nextres argues that this award was barred by the law of the case.   "We review a district court's award of prejudgment interest for an abuse of discretion." *Fed. Ins. Co. v. Am. Home Assur. Co.*, 639 F.3d 557, 566 (2d Cir. 2011).

"New York recognizes two distinct periods of 'prejudgment interest'": pre-award and post-award.   *ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 179 (2d Cir. 2022).   Unlike pre-award prejudgment interest, "post-award prejudgment interest is a statutory requirement that falls inherently outside an arbitrator's authority and within the authority of the courts."   *Id.* at 180.   District courts generally grant post-award prejudgment interest.   *Cf. Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984) (recognizing "presumption in favor" of such interest for Convention on the Recognition and Enforcement of Foreign Arbitral Awards).

Nextres's "law of the case" argument conflates pre-award prejudgment interest with post-award prejudgment interest.   The arbitrator determined that Lanesborough was not entitled to the former, and the district court awarded the latter.   The "doctrine of

17

law of the case comes into play only with respect to issues previously determined." *Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979). It has no application here because the arbitrator did not, and could not, decide whether Lanesborough was entitled to post-award prejudgment interest.

## III. CONCLUSION

For the foregoing reasons, we deny Lanesborough's motion to dismiss and affirm the district court's partial confirmation of the Interim Award, its confirmation of the Final Award, and its award of prejudgment interest. But we vacate the injunction of the Batchwood Foreclosure Action and remand for the district court to consider whether the AIA permits that injunction.