08-1358-cv
Global Seafood Inc. v. Bantry Bay Mussels Ltd.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

————————————

August Term, 2008

(Argued: April 6, 2009                             Decided: October 20, 2011)

Docket No. 08-1358-cv

————————————

GLOBAL SEAFOOD INC.,

*Plaintiff-Appellant*,

— v.—

BANTRY BAY MUSSELS LTD., also known as Bantry Bay Seafoods, USA,

*Defendant-Appellee*.

————————————

B e f o r e :

WALKER, LEVAL, and HALL, *Circuit Judges*.

————————————

Global Seafood Inc. appeals from the judgment of the United States District Court for the District of Connecticut (Droney, *J.*) dismissing its suit for improper venue on the basis of a forum selection clause mandating Ireland as the appropriate venue for the dispute. We conclude that the forum selection clause at issue was permissive, not mandatory, because the clause

1

contains no specific language of exclusion evidencing an intent by the parties to give the Irish Courts exclusive jurisdiction or make Ireland an obligatory venue for disputes arising out of the agreement. Because permissive forum selection clauses contemplate that jurisdiction may be proper in more than one forum, the district court's dismissal for improper venue was improper.

VACATED AND REMANDED.

_____

JOHN R. HORAN, Fox Horan & Camerini LLP, New York, NY, *for Plaintiff-Appellant.*

DAVID K. JAFFE, Brown Paindiris & Scott, LLP, Hartford, CT (Sally A. Roberts, *on the brief*), *for Defendant-Appellee*.

_____

HALL, *Circuit Judge*:

The issue presented by this case requires us to determine whether the clause "[t]his Agreement is governed by Irish Law and the Irish Courts" is a permissive or mandatory forum selection clause. The United States District Court for the District of Connecticut (Droney, *J*.) held that the clause was mandatory and entitled to presumptive enforcement, and, therefore, dismissed the suit for improper venue. We disagree. We conclude that the forum selection clause at issue was permissive because the clause contains no specific language of exclusion evidencing an intent by the parties to give the Irish Courts exclusive jurisdiction or make Ireland an obligatory venue for their disputes. Because permissive forum selection clauses contemplate that jurisdiction may be proper in more than one forum, the district court's dismissal for improper venue on the basis of that clause was improper. Accordingly, the judgment of the district court is VACATED and the case is REMANDED to the district court for further proceedings consistent with this opinion.

2

## I. Background

Plaintiff-Appellant Global Seafood Inc. ("Global Seafood") is a Connecticut corporation with its principal place of business in West Cornwall, Connecticut. Defendant-Appellee Bantry Bay Mussels Ltd ("Bantry Bay") is a company organized and registered under the laws of the Republic of Ireland. Bantry Bay Seafood, a Massachusetts corporation with its principal place of business in South Boston, Massachusetts, is a wholly-owned subsidiary of Bantry Bay.

Bantry Bay produces and processes mussels for retail sale. In 1996, Bantry Bay and Global Seafood signed a document entitled "Heads of Agreement," which contains provisions relating to the marketing and sale of Bantry Bay mussels in North America. Global Seafood contends that the agreement is a binding contract establishing it as Bantry Bay's exclusive North American marketing agent, entitled to, *inter alia*, monthly retainer payments and sales commissions. Bantry Bay disputes that the Heads of Agreement was a binding agreement, insisting that under Irish law so-called "Heads of Agreements" are treated as non-binding letters of intent.

In January 2007, Bantry Bay notified Global Seafood that it would be terminating the parties' relationship within 30 days. Global Seafood filed suit for breach of contract in the District of Connecticut, alleging that Bantry Bay violated the termination provision contained in the Heads of Agreement. Global Seafood contends Bantry Bay was required to give six months termination notice and to pay Global Seafood certain sales commissions upon termination. Although the parties dispute the meaning and scope of the Heads of Agreement, there is no dispute that it contains a provision stating that the "Agreement is governed by Irish Law and the Irish Courts," which is the focus of the present appeal.

3

**II. Decision Below**

In its motion to dismiss Bantry Bay argued, *inter alia*, that the forum selection clause in the Heads of Agreement mandated Ireland as the proper venue for the parties' dispute. The district court agreed, concluding that the provision stating that the "Agreement is governed by Irish Law and the Irish Courts" was a mandatory forum selection clause requiring that all disputes arising out of the Heads of Agreement be brought exclusively in the Irish courts and granted Bantry Bay's motion to dismiss for improper venue.[1] *Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, Case No. 3:07cv476, 2008 WL 474267, at *3 (D. Conn. Feb. 20, 2008). The district court reasoned that "'govern' evinces an intent to agree in advance on a forum." *Id.* According to the district court, "govern" means "the power 'to direct and control, rule or regulate, by authority' and to 'exercise sovereign authority'" so that the provision "provides not merely that the Irish Courts are empowered to hear disputes arising out of the agreement, but that they have dominion over the relationship set forth in the agreement." *Id.* (quoting Black's Law Dictionary (6th ed. 1990) and The American Heritage College Dictionary (3d ed.)). The district court held that the provision conferred exclusive jurisdiction on the Irish courts and selected Ireland as the mandatory venue for all disputes arising out of the Heads of Agreement, thereby making the provision a mandatory forum selection clause. *Id.* The district court thus concluded that because mandatory forum selection clauses are presumptively enforceable in this circuit, and because Global Seafood had not rebutted that presumption, the action must be dismissed for improper venue. *Id.*

---

[1] The district court did not reach the issue whether the Heads of Agreement was a binding and enforceable contract. *Global Seafood*, 2008 WL 474267, at *1 n.2.

4

**III. Standard of Review**

"Where the district court has relied on pleadings and affidavits to grant a Rule 12(b)(3) motion to dismiss on the basis of a forum selection clause, our review is *de novo*." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007). We view all facts in the light most favorable to the plaintiff when determining whether the plaintiff has made a prima facie showing that venue is proper. *Id.* Issues of contract interpretation are reviewed *de novo*. *Id.*

**IV. Discussion**

On appeal, Global Seafood contends that the district court erred in concluding that the forum selection clause was mandatory, arguing that the clause only evinces an intent to confer non-exclusive jurisdiction on the Irish Courts, not an intent to establish Ireland as the only appropriate venue for disputes.[2] In *Phillips* we set forth a four-part test for analyzing motions to dismiss for improper venue based on forum selection clauses:

> The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are *required* to bring any dispute to the designated forum or simply *permitted* to do so. Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause.
> If the forum selection clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that

---

[2] Global Seafood also argues that it was improper for the court to rule on the forum selection clause before it determined whether the Heads of Agreement was a binding, enforceable agreement. Significantly, Bantry Bay is not contesting the existence of the Heads of Agreement, only whether it had the force and effect of a binding contract; Bantry Bay contends that it should be construed as a non-binding letter of intent. We note, however, that it was signed by both parties and contains a forum selection clause governing any disputes arising out of that document. Accordingly, it makes sense to address first the forum selection clause in order to determine the appropriate venue for hearing the parties' dispute about the scope and effect of the Heads of Agreement.

"enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."

494 F.3d at 383-84 (2d Cir. 2007) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)) (emphases in original) (citations omitted). We turn to whether the provision stating that the Heads of Agreement "is governed by Irish Law and the Irish Courts" is a permissive or mandatory forum selection clause, i.e., step two of the *Phillips* analysis.[3]

A permissive forum selection clause "only confers jurisdiction in the designated forum, but does not deny plaintiff his choice of forum, if jurisdiction there is otherwise appropriate." *Id.* at 386; *see also John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*, 22 F.3d 51, 53 (2d Cir. 1994) ("'[A]n agreement *conferring* jurisdiction in one forum will not be interpreted as *excluding* jurisdiction elsewhere unless it contains specific language of exclusion.'") (quoting *City of New York v. Pullman, Inc.*, 477 F. Supp. 438, 442 n.11 (S.D.N.Y. 1979)) (emphasis in original). Mandatory forum selection clauses, on the other hand, require that disputes *must* be brought in the designated forum, to the exclusion of all other fora where jurisdiction may also lie. *Phillips*, 494 F.3d at 386. A forum selection clause is considered

---

[3] We note that we are not applying Irish law to our analysis of the forum selection clause, despite the Heads of Agreement's choice of law provision designating the agreement is to be "governed by Irish Law." Although choice of law provisions are generally applied when determining whether a forum selection clause is mandatory or permissive under step two of the *Phillips* analysis, because neither party has presented any evidence regarding how Irish law would interpret the provision at issue in this case, and because neither party has objected on appeal to the district court's reliance on federal law to resolve this issue below, we will "apply general contract law principles and federal precedent to discern the meaning and scope of the forum clause." *Phillips*, 494 F.3d at 385-86 (applying federal common law in the absence of any objection to the district court's citation of federal precedent or briefing on how English law—the choice of law specified in the agreement—would interpret the forum selection clause).

mandatory where: (1) "it confers exclusive jurisdiction on the designated forum" or (2) "incorporates obligatory venue language." *Id.*

"In determining whether the forum selection clause is mandatory, 'our initial focus is on the language of the contract.'" *S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 708 (2d Cir. 2010) (quoting *Phillips*, 494 F.3d at 386). "The general rule in cases containing forum selection clauses is that when only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Boutari,* 22 F.3d at 52 (internal quotation marks and alterations omitted). This is because "the normal construction of the jurisdiction rules includes a presumption that, where jurisdiction exists, it cannot be ousted or waived absent a clear indication of such a purpose." *Id.* at 53. (internal quotation marks and alterations omitted). Forum selection clauses lacking any clear exclusionary or obligatory language—i.e., "specific language of exclusion"—are, therefore, permissive and not subject to a presumption of enforceability. *Id.* at 53 (internal quotation marks and alterations omitted).

The forum selection clause at issue in *Boutari* specified that "[t]his agreement shall be governed and construed according to the Laws of Greece. Any dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek Courts, specifically of the Thessaloniki Courts." *Id.* at 52. The *Boutari* Court held that the forum selection clause did not contain a "clear indication" that it was granting *exclusive* jurisdiction to the Greek Courts. *Id.* at 53. Despite the presence of the mandatory term "shall," the court concluded that "here ['shall'] mandates nothing more than that the Greek courts have jurisdiction," and that without "specific language of exclusion" the clause "did not deprive the district court of

7

jurisdiction." *Id.* at 53 (internal quotation marks and alternations omitted). The court remanded the case "with instructions to retain jurisdiction and dispose of the litigation on the merits." *Id.*

By contrast, in *Phillips*, this court concluded that the forum selection clause stating that "[t]he validity[,] construction[,] and effect of this agreement and any or all modifications hereof shall be governed by English Law and any legal proceedings that may arise out of it are to be brought in England" was mandatory. 494 F.3d at 382, 386. According to the court, "[t]he parties' use of the phrase 'are to be brought' establishes England as an obligatory venue" and distinguished the clause from the one at issue in *Boutari*, which "dealt solely with jurisdiction without indicating that such jurisdiction was exclusive." *Id.* at 386. Unlike in *Boutari*, the clause at issue in *Phillips* involved *both* jurisdiction and an obligatory venue:

> Because jurisdiction may be properly conferred on two or more fora, the fact that the contract in *Boutari* conferred jurisdiction on the courts of Greece did not preclude the parties from commencing litigation in a court outside of Greece. However, contract language such as that presented in this case—mandating that a proceeding be brought in England—is incompatible with venue lying in New York.

*Id.* at 387.

Here the question is whether the phrase "is governed by Irish Law and the Irish Courts" contains sufficiently clear language mandating Irish Courts as having exclusive jurisdiction or as an obligatory venue. The district court interpreted "is governed by" to mean "evinc[ing] an intent to agree in advance on a forum." *Global Seafood*, 2008 WL 474267, at *3. We do not, however, share the district court's view that the term "govern"—standing alone—imparts a clear and unambiguous intent by the parties to confer exclusive jurisdiction on Irish Courts or to select Ireland as the obligatory venue. While "govern" indicates an intent to confer upon the Irish Courts the power and authority to hear disputes arising out of the Heads of Agreement, it does

not, without more, purport to do so to the exclusion of other courts where jurisdiction may also lie. Unlike the mandatory clause in *Phillips*, "governed" is not accompanied by a phrase analogous to "are to be brought," i.e., specific language that actively channels the suit to a particular court, which would indicate an intent to make the Irish Courts the *only* courts that can govern disputes arising out of the Heads of Agreement. *See, e.g.*, *Salis v. Am. Exp. Lines*, 331 F. App'x. 811, 814 (2d Cir. 2009) (holding that the forum selection clause was mandatory where it stated that "[a]ny claim or dispute arising under or in connection with this Bill of Lading (whether in contract, tort or otherwise) *shall be referred to and decided by* Oslo City Court, Norway") (emphasis added); *Macsteel Int'l USA Corp. v. M/V Larch Arrow, Her Engines, Boiler, Etc.*, 354 F. App'x 537, 538, 540 (2d Cir. 2009) (holding clause stating "[a]ny disputes arising under the Bill of Lading to be decided in London" was mandatory on the basis of the phrase "to be").

Like the permissive clause in *Boutari*, the clause in the Heads of Agreement confers jurisdiction on the Irish Courts without making Ireland a mandatory venue. We so conclude because the clause at issue does not contain any specific language of exclusion clearly designating Ireland as having exclusive jurisdiction or as an obligatory venue. Accordingly, we must interpret the clause as permissive under our precedents, meaning venue cannot be improper in the District of Connecticut solely on the basis of the Heads of Agreement's forum selection clause.

9

**V.     Conclusion**

For the foregoing reasons, the judgment of the district court is VACATED and the case is

REMANDED to the district court for further proceedings consistent with this opinion.