Rabinowitz v. Kelman

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2022
No. 22-1747

BENZION RABINOWITZ,
*Petitioner-Appellant,*

*v.*

LEVI KELMAN,
*Respondent-Appellee.*

On Appeal from a Judgment of the United States District Court for
the Southern District of New York.

ARGUED: MARCH 1, 2023
DECIDED: JULY 24, 2023

Before: JACOBS, PARK, and NARDINI, *Circuit Judges*.

Petitioner-Appellant Benzion Rabinowitz appeals from a July
14, 2022, judgment of the United States District Court for the Southern
District of New York (Nelson S. Román, *Judge*) dismissing his petition
to confirm an arbitral award. The court held that a forum selection

clause in the parties' arbitration agreement required that any confirmation action be brought in the state courts of New Jersey or New York, and that this deprived the district court of subject matter jurisdiction. We conclude that the district court erred in dismissing Rabinowitz's petition. First, we hold that the petition adequately pleaded subject matter jurisdiction based on diversity of citizenship. Because parties cannot contractually strip a district court of its subject matter jurisdiction, it was error to conclude that the forum selection clause did so. Second, we interpret the relevant forum selection clauses as permissive arrangements that merely allow litigation in certain fora, rather than mandatory provisions that require litigation to occur only there. Accordingly, applying the modified *forum non conveniens* framework, we hold that the forum selection clauses did not bar proceedings from going forward in the United States District Court for the Southern District of New York. We therefore VACATE the judgment of dismissal and REMAND to the district court for further proceedings.

---

EFREM SCHWALB (Tal S. Benschar *on the brief*), Koffsky Schwalb LLC, New York, NY *for Petitioner-Appellant*.

DOMINIC J. APRILE, Bathgate, Wegener & Wolf, P.C., Lakewood, NJ *for Respondent-Appellee.*

---

WILLIAM J. NARDINI, *Circuit Judge*:

Benzion Rabinowitz and Levi Kelman submitted a dispute to a panel of arbitrators, which ordered Kelman to pay $4,000,000.

2

Rabinowitz moved to confirm the award in the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*), but the court dismissed the petition for lack of subject matter jurisdiction. The court held that a forum selection clause in the parties' arbitration agreement required that any confirmation action be brought in the state courts of New Jersey or New York, and that this deprived the district court of subject matter jurisdiction.

We conclude that the district court erred in two respects. First, we hold that the petition adequately pleaded subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Because parties cannot contractually strip a district court of its subject matter jurisdiction, it was error to conclude that the forum selection clause did so. Second, we interpret the relevant forum selection clauses as permissive arrangements that merely allow litigation in certain fora, rather than mandatory provisions that require litigation to occur only there. Accordingly, applying the modified *forum non*

3

*conveniens* framework, we hold that the forum selection clauses did not bar proceedings from going forward in the United States District Court for the Southern District of New York. We therefore vacate the judgment of dismissal and remand to the district court for further proceedings.

## I.     Background

Benzion Rabinowitz alleges that he invested several million dollars with Levi Kelman between 2010 and 2014 in a real estate deal. A dispute arose, but Rabinowitz and Kelman settled their differences in an agreement (the "Settlement Agreement") effective February 8, 2018. Under the Settlement Agreement, Kelman agreed to pay Rabinowitz $5,200,000 in installments.

The Settlement Agreement contained several key provisions, including an arbitration agreement and a forum selection clause. For dispute resolution, it required that claims arising out of the Settlement Agreement be submitted "exclusively to binding arbitration conducted by" a rabbinical court known as the Bais Din Maysharim

4

("Bais Din") "without the right of appeal." App'x 19. As to the forum selection clause governing enforcement of any arbitral award by the Bais Din (the "Settlement Agreement Forum Selection Clause"), the parties agreed be bound by the judgment of "any court having jurisdiction" over the award and to "submit to the jurisdiction" of certain courts.[1] *Id*.

But the Settlement Agreement did not settle much. The parties quarreled again, and they turned to the Bais Din for arbitration. In June 2020, the parties signed a second contract (the "Arbitration Agreement") provided by the Bais Din. The parties agreed to submit

---

[1] The Settlement Agreement Forum Selection Clause reads:

> Any arbitration award of the Bais Din shall be final and binding on each of the Parties, their successors and personal representatives, and judgment may be rendered thereon in any court having jurisdiction thereof. The Parties each hereby submit to the jurisdiction of the New Jersey State Courts located in Ocean County or the courts of Israel, as the case may be, for the enforcement of any arbitration award pursuant to this paragraph or for any equitable relief related to the rights and responsibilities contained in this Agreement.

App'x 19.

their dispute to a panel of three arbitrators of the Bais Din. *Id.* at 14, 16. The Arbitration Agreement also contained its own forum selection clause, which differed from the one in the parties' original Settlement Agreement. In the new clause (the "Arbitration Agreement Forum Selection Clause"), the parties agreed that any arbitral award would be "enforceable" in certain courts, and they specified that they would "submit themselves to the personal jurisdiction" of certain courts.[2] *Id.*

On January 3, 2021, the Bais Din issued an award ("Arbitration Award") in favor of Rabinowitz, directing Kelman to "immediately pay" $4,000,000. *Id.* at 11. It also ruled that Kelman was to pay

---

[2] The Arbitration Agreement Forum Selection Clause reads:

> The decree of the Arbitrators shall be enforceable in the courts in the State of New Jersey and/or New York. . . . The Parties submit themselves to the personal jurisdiction of the courts of the State of New Jersey and/or New York for any action or proceeding to confirm or enforce a decree of the Arbitrators pursuant to NJSA 2A:24-1 et seq. and Article 75 of the New York Civil Practice Law and Rules.

App'x 14, 16.

Rabinowitz "reasonable attorney's wages," but did not fix the amount due. Instead, it ordered that Rabinowitz "submit a record that delineates his hours, and then the rabbinical court will adjudicate on that." *Id.* Finally, the Bais Din noted that "[t]he rabbinical court retains the right to adjudicate regarding any matter that arises related to this litigation." *Id.*

On April 12, 2021, Rabinowitz filed a Petition in the United States District Court for the Southern District of New York to confirm the Arbitration Award and issue a $4,000,000 judgment against Kelman, together with attorney fees and costs. The Petition alleged that the district court had subject matter jurisdiction based on the diversity of the parties under 28 U.S.C. § 1332 and that venue was proper under 28 U.S.C. § 1391.

On May 3, 2021, Kelman moved to dismiss the Petition for lack of subject matter jurisdiction or, in the alternative, to vacate the Arbitration Award. First, Kelman asserted that the district court

7

lacked subject matter jurisdiction based on the forum selection clauses in the Arbitration Agreement and the Settlement Agreement. Second, he argued that, even if the district court had subject matter jurisdiction, the Petition should be dismissed because the Arbitration Award was not final. Third, Kelman contended that, even if the district court had subject matter jurisdiction and the Arbitration Award was final, the Arbitration Award should be vacated under New York or New Jersey law because the Bais Din arbitrators exceeded the authority the parties bestowed on them. As a precursor to that argument, Kelman asserted that state law, as opposed to the Federal Arbitration Act, 9 U.S.C. §§ 1–16, should apply to the enforcement of the Arbitration Award and that his motion to vacate was thus timely. Rabinowitz resisted each of Kelman's arguments.

On July 13, 2022, the district court dismissed the Petition for lack of subject matter jurisdiction because it interpreted the Arbitration Agreement Forum Selection Clause to require that an

8

action to confirm the Arbitration Award be brought in the state courts of New Jersey or New York. Accordingly, it granted Kelman's motion to dismiss without prejudice to Rabinowitz's "right to recommence in the appropriate forum." *Id.* at 145. The district court therefore left open the remaining questions, including whether (1) the Arbitration Award was final, (2) Kelman's motion to vacate was timely, or (3) the Arbitration Award should be vacated because the Bais Din arbitrators exceeded their authority. It also did not address Rabinowitz's request for attorney fees and costs. The district court entered judgment for Kelman on July 14, 2022. Rabinowitz now appeals.

## II. Discussion

Rabinowitz first argues that the district court erred by dismissing for lack of subject matter jurisdiction. Second, he contends that the district court misinterpreted the Arbitration Agreement Forum Selection Clause to mandate that the Arbitration Award be enforced in the state courts of New Jersey or New York. Finally, he argues that we should direct the district court to confirm the

9

Arbitration Award, and grant him attorney fees and costs. We address each argument in turn.

### A.  Subject matter jurisdiction

"When reviewing a district court's determination of subject matter jurisdiction pursuant to Rule 12(b)(1), we review factual findings for clear error and legal conclusions *de novo*." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (cleaned up). Here, the district court premised its dismissal on a legal conclusion—that its subject matter jurisdiction was foreclosed by a forum selection clause—so we review the issue *de novo*.

In order to exercise subject matter jurisdiction over a motion to confirm an arbitral award under the Federal Arbitration Act, a court must identify an "independent jurisdictional basis" to resolve the matter. *Badgerow v. Walters*, 142 S. Ct. 1310, 1314 (2022) (holding that the Federal Arbitration Act itself does not generate subject matter jurisdiction) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). In this case, we agree with Rabinowitz that the

10

Petition adequately pleaded such a basis—namely, diversity of citizenship between the parties. Under 28 U.S.C. § 1332(a)(2), district courts have diversity jurisdiction over actions where (1) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) the action is between citizens of a state and citizens of a foreign state (so long as the foreign citizen is not lawfully admitted for permanent residence in the United States and domiciled in the same state). The amount-in-controversy requirement is satisfied because the Petition seeks to confirm an arbitral award of $4,000,000, which far exceeds the threshold of $75,000. App'x 8. The diversity requirement is likewise satisfied because Kelman is a citizen of the United States, and Rabinowitz is a citizen of the United Kingdom and Israel. *Id*. Kelman does not dispute the Petition's allegations about the parties' citizenship, nor does he claim that he is lawfully admitted for permanent residence in the United States. Therefore, the court had subject matter jurisdiction over the Petition.

11

The district court, however, dismissed the case for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, based on its conclusion that the forum selection clauses dictated that the Petition should have been filed in a different court. But forum selection clauses, however interpreted, have no bearing on a court's subject matter jurisdiction: "[W]e have long recognized that parties have no power by private contract to oust a federal court of [subject matter] jurisdiction otherwise obtaining." *New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24, 28 (2d Cir. 1997) (holding that it was error to dismiss case for lack of subject matter jurisdiction based on forum selection clause). As the Supreme Court has observed, the notion that forum selection clauses "tend to 'oust' a court of jurisdiction is hardly more than a vestigial legal fiction." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972). The issue to be decided, properly framed, "is whether that court should have exercised its jurisdiction to do more than give effect to the

legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum clause." *Id*. Accordingly, the district court erred in dismissing the Petition for lack of subject matter jurisdiction.

## B. Forum selection clauses

This raises a question: what *is* the proper procedural mechanism for dismissing a claim based on a forum selection clause? For a time, the answer was uncertain in this Circuit. We repeatedly declined to say whether such clauses implicated subject matter jurisdiction, venue, or *forum non conveniens*. *See, e.g.*, *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011) (observing that "neither the Supreme Court, nor this Court, has specifically designated a single clause of Rule 12(b)—or an alternative vehicle— as the proper procedural mechanism to request dismissal of a suit based upon a valid forum selection clause" (internal quotation marks omitted)); *Asoma Corp. v. SK Shipping Co., Ltd.*, 467 F.3d 817, 822 (2d Cir. 2006) (refusing to "pigeon-hole" forum selection clause

13

enforcement claims "into a particular clause of Rule 12(b)"); *see also*

*Phillips v. Audio Active Ltd.*, 494 F.3d 378, 382 (2d Cir. 2007) (affirming

judgment that enforced forum selection clause by dismissing under

Rule 12(b)(3)); *compare AVC Nederland B.V. v. Atrium Inv. P'ship*, 740

F.2d 148, 152 (2d Cir. 1984) (affirming judgment that enforced forum

selection clause by dismissing under Rule 12(b)(1)), *with New Moon*

*Shipping,* 121 F.3d at 28 (explaining that considering a motion to

dismiss pursuant to a forum-selection clause under Rule 12(b)(1) was

"somewhat misleading" because there was clearly subject matter

jurisdiction arising out of admiralty).

But the Supreme Court squarely resolved this uncertainty in

2014. In *Atlantic Marine Construction Co. v. United States District Court*

*for the Western District of Texas*, the Court held that "generally 'the

appropriate way to enforce a forum-selection clause pointing to a

state or foreign forum is through the doctrine of *forum non conveniens,'*

14

rather than Rule 12(b)."[3] *Martinez v. Bloomberg LP*, 740 F.3d 211, 216

(2d Cir. 2014) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W.*

*Dist. of Texas*, 571 U.S. 49, 60 (2013)).[4] Under this principle, "a court

may resist imposition upon its jurisdiction even when jurisdiction is

authorized by the letter of a general venue statute." *Fasano v. Li*, 47

F.4th 91, 100 (2d Cir. 2022) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S.

---

[3] The Supreme Court has, however, reserved decision as to whether a party bringing an action for breach of contract might obtain dismissal under Rule 12(b)(6). *Atl. Marine*, 571 U.S. at 61.

[4] The parties also suggest that the correct procedural mechanism in this context is Rule 12(b)(3), which allows for dismissal based on "improper venue." This is also incorrect after *Atlantic Marine*. Whether venue is improper "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Atl. Marine*, 571 U.S. at 55. In this case, venue was proper in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(a)(1). That statute provides that civil actions may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." According to the Petition, Kelman, the only defendant in this case, resides in Monsey, New York. Monsey is in Rockland County, New York, which is encompassed by the Southern District of New York. 28 U.S.C. § 112(b) ("The Southern District comprises the counties of Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan, and Westchester and concurrently with the Eastern District, the waters within the Eastern District."). Kelman does not dispute that he resides in Monsey. Therefore, no matter the language of the Arbitration Agreement or Settlement Agreement, venue was proper in the Southern District.

501, 507 (1947)).  In general, when determining whether to dismiss a

matter on *forum non conveniens* grounds in a case that does *not* involve

forum selection clauses, a district court must assess "(1) the deference

to be accorded the plaintiff's choice of forum; (2) the adequacy of the

alternative forum proposed by the defendants; and (3) the balance

between the private and public interests implicated in the choice of

forum."[5]  *Fasano v. Yu Yu*, 921 F.3d 333, 335 (2d Cir. 2019) (citing *Norex*

*Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005)).

Moreover, unless it would be unnecessarily burdensome for the

defendant or the court, "the plaintiff's choice of forum should rarely

be disturbed."  *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 70 (2d Cir.

2001) (en banc) (quoting *Gulf Oil Corp.*, 330 U.S. at 508).  We have held

that the decision to dismiss a case on general *forum non conveniens*

---

[5] Factors relating to the parties' private interests include "practical problems that make trial of a case easy, expeditious and inexpensive," such as ease of access to proof and the cost of obtaining attendance of witnesses. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (internal quotation marks omitted).  Public interest factors may include the administrative difficulties flowing from court congestion and the local interest in having localized controversies decided at home. *Id.*

16

grounds "lies wholly within the broad discretion of the district court." *Aenergy, S.A. v. Republic of Angola*, 31 F.4th 119, 128 (2d Cir. 2022) (cleaned up) (quoting *Iragorri*, 274 F.3d at 72).

"Where the parties have contractually selected a forum, however, the forum selection clause substantially modifies the *forum non conveniens* doctrine." *Yu Yu*, 921 F.3d at 335 (cleaned up). The "usual tilt in favor of the plaintiff's choice of forum gives way to a presumption in favor of the contractually selected forum." *Martinez*, 740 F.3d at 218 (citing *M/S Bremen*, 407 U.S. at 6, 15). "Nevertheless, the presumption of enforceability is not automatic." *Yu Yu*, 921 F.3d at 335. A court may decline to enforce a forum selection clause in the rare case where the resisting party satisfies the heavy burden of showing that "it would be unfair, unjust, or unreasonable to hold that party to his bargain." *M/S Bremen*, 407 U.S. at 18.

In keeping with these principles, we employ a four-part framework when determining whether to dismiss a claim based on a

17

forum selection clause under the modified doctrine of *forum non conveniens*. *Yu Yu*, 921 F.3d at 335–36; *see also Martinez*, 740 F.3d at 217, 224. At the first three steps, the court asks (1) "whether the clause was reasonably communicated to the party resisting enforcement," (2) "whether the clause is mandatory," that is, whether the parties are *required* to bring any dispute to the designated forum or simply *permitted* to do so, and (3) "whether the claims and parties involved in the suit are subject to the forum selection clause." *Martinez*, 740 F.3d at 217 (internal quotation marks omitted). If the answer to all three questions is yes, the clause is "presumptively enforceable." *Id.* (internal quotation marks omitted). At the fourth step, the court asks (4) whether the resisting party has rebutted that presumption by "making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons

as fraud or overreaching."[6] *Id.* (internal quotation marks omitted).

Although *Atlantic Marine* clarified that the modified doctrine of *forum non conveniens* is the correct procedural vehicle for deciding whether to enforce a forum selection clause, it did not address the standard of review to which we subject a district court's decision to dismiss a case in this context. Since *Atlantic Marine*, we have likewise declined to identify such a standard. Therefore, before turning to Rabinowitz's argument that the district court erred by interpreting the Arbitration Agreement Forum Selection Clause as mandatory, we consider the proper standard of review.

As explained above, dismissal based on a forum-selection clause is nothing more than a species in the broader genus of *forum non conveniens* matters. When a district court dismisses a case under

---

[6] We have explained that we will not enforce a forum selection clause under the fourth step of this framework if: "(1) its incorporation was the result of fraud or overreaching, (2) the law to be applied in the selected forum is fundamentally unfair, (3) enforcement contravenes a strong public policy of the forum in which suit is brought, or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." *Martinez*, 740 F.3d at 227–28 (cleaned up).

ordinary *forum non conveniens* principles, we review the district court's decision for abuse of discretion. *See, e.g.*, *Aenergy, S.A.*, 31 F.4th at 128. Likewise, under the modified *forum non conveniens* framework, we conclude that it is appropriate to apply that same overarching abuse-of-discretion standard when a district court has dismissed a case based on a forum selection clause.

Our abuse-of-discretion standard is familiar. "A district court abuses its discretion in granting a *forum non conveniens* dismissal when its decision (1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Norex Petroleum Ltd.*, 416 F.3d at 153 (internal quotation marks omitted). Under the general abuse of discretion standard, a district court "does not receive equal deference to every aspect of its decision." *City of New York v. Golden Feather Smoke Shop, Inc.*, 597 F.3d 115, 120 (2d Cir. 2010) (cleaned up).

The strongest deference (clear error review) is accorded where the district court has a distinct institutional advantage over a reviewing court—namely, in factfinding, which often turns on evaluating the credibility of witnesses or choosing among competing factual inferences from case-specific evidence. No deference at all is provided on legal questions, where an appellate court is equally well equipped to provide answers and there is a greater need for uniformity of interpretation across different cases. And a flexible amount of deference is provided where a district court is "vested with discretion as to a certain matter," such as balancing competing factors. *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168–69 (2d Cir. 2001) (noting that a "species of deferential appellate review" applies when a district court "is not required by law to make a *particular* decision," and instead "empowered to make a decision—of *its* choosing—that falls within a range of permissible decisions").

It is *de novo* scrutiny that drives our review in this particular

21

case.  As noted above, the district court dismissed the Petition based on a purely legal matter of contractual interpretation—namely, whether a forum selection clause was framed in mandatory terms and therefore required the parties to enforce the Arbitration Award in the state courts of New York or New Jersey.  As explained more fully below, we disagree with that conclusion.  In our reading, both forum selection clauses are merely permissive, allowing (but not requiring) litigation in certain fora.  For that reason alone, the forum selection clauses do not trigger dismissal under step two of the modified *forum non conveniens* framework, and there is no need for us to consider the other steps of that analysis.

Before we turn to the particular language of the two forum selection clauses at issue, it is worth reviewing the general distinction between mandatory and permissive clauses.  Mandatory forum selection clauses "require that disputes *must* be brought in the designated forum, to the exclusion of all other fora where jurisdiction

may also lie." *Glob. Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011). By contrast, a permissive forum selection clause "confers jurisdiction in the designated forum, but does not deny plaintiff his choice of forum, if jurisdiction there is otherwise appropriate." *Id.* (internal quotation marks omitted). To classify a forum selection clause as mandatory, therefore, we look for specific language of exclusion. *See, e.g., John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*, 22 F.3d 51, 53 (2d Cir. 1994) ("[A]n agreement *conferring* jurisdiction in one forum will not be interpreted as *excluding* jurisdiction elsewhere unless it contains specific language of exclusion." (citation omitted)). "Forum selection clauses lacking any clear exclusionary or obligatory language—i.e., 'specific language of exclusion'—are . . . permissive and not subject to a presumption of enforceability." *Glob. Seafood Inc.*, 659 F.3d at 225 (quoting *Boutari*, 22 F.3d at 53). With these principles in mind, we turn to whether the

forum selection clauses at issue are mandatory or permissive.[7]

Like the district court, we begin with the Arbitration Agreement Forum Selection Clause. But unlike the district court, we conclude that it is merely permissive. Recall that this clause provides:

> The decree of the Arbitrators *shall be enforceable* in the courts in the State of New Jersey and/or New York. . . . The Parties *submit themselves to the personal jurisdiction* of the courts of the State of New Jersey and/or New York for any action or proceeding to confirm or enforce a decree of the Arbitrators pursuant to NJSA 2A:24-1 et seq. and Article 75 of the New York Civil Practice Law and Rules.

App'x 14, 16 (emphasis added).

The first italicized clause—that the decree "*shall be enforceable*" in certain courts—means simply that the decree is capable of

---

[7] It is generally true that "if we are called upon to determine whether a particular forum selection clause is mandatory or permissive, . . . we apply the law contractually selected by the parties." *Martinez*, 740 F.3d at 218. Here, however, the Arbitration Agreement contains no choice of law clause. Moreover, although the Settlement Agreement states that it should be "governed by and construed in accordance with Halacha (Jewish Law) as interpreted by Orthodox Judaism," the Parties do not "rely on any distinctive features of" this law that distinguish it from general contract law principles as set out in federal precedent. *Phillips*, 494 F.3d at 386. Under these circumstances, then, we "apply general contract law principles and federal precedent." *Id*.

enforcement in the listed courts. In other words, these courts are nothing more than *possible* fora where an award of the Bais Din *could* be enforced. This language does not impart the parties' clear intent that an award *must* be enforced *exclusively* in these fora. *Compare Phillips*, 494 F.3d at 386–87 (interpreting "*any* legal proceedings . . . *are to be brought* in England" as mandatory because the "are to be brought" language was "incompatible with venue lying in New York" (emphasis added) (internal quotation marks omitted)), *with Boutari*, 22 F.3d at 52–53 (interpreting "[a]ny dispute . . . shall *come within the jurisdiction* of the . . . Greek Courts . . . ." as permissive because it did not "clear[ly] indicat[e]" that the parties were unable to commence litigation in a court outside of Greece (emphasis added)).

Likewise, the second italicized clause—that the parties "*submit themselves to the personal jurisdiction*" of certain courts—operates simply as mutual consent to personal jurisdiction in those courts; it does not suggest that personal jurisdiction cannot exist elsewhere.

25

*Accord Blanco v. Banco Indus. de Venez., S.A.*, 997 F.2d 974, 976, 979 (2d Cir. 1993) (interpreting a forum selection clause indicating that (1) a legal action "*may be brought*" in various courts and (2) the parties "irrevocably submit[] to the jurisdiction of each such court" as permissive because of the "nonmandatory words the parties chose to express their agreement" (alteration in original)); *see also UPS Supply Chain Sols., Inc. v. EVA Airways Corp.*, No. 21-2867, at 23 (2d Cir. 2023) ("Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements." (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006)).

Courts located in states *other* than New Jersey and New York could still exercise personal jurisdiction over the parties (assuming the parties had adequate contacts), even though the parties did not specifically consent to personal jurisdiction in those courts. *See Mallory v. Norfolk S. Ry. Co.*, No. 21-1168, 2023 WL 4187749, at *8 (U.S. June 27, 2023) (parties that have "*not* consented to in-state suits may

also be susceptible to claims in the forum State based on 'the quality and nature of [their] activity' in the forum (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 319 (1945)).  Indeed, Kelman offers no authority for the proposition that parties can contractually eliminate a court's personal jurisdiction over them.

Because we determine that the Arbitration Agreement Forum Selection Clause is permissive, we disagree with the district court that the lack of specific references to federal courts in that provision suggests that the parties intended for enforcement of a Bais Din award to occur exclusively in state courts.  *Accord Boutari*, 22 F.3d at 53 ("The normal construction of the jurisdiction rules includes a presumption that, where jurisdiction exists, it cannot be . . . waived absent a clear indication of such purpose."  (cleaned up)).

We are also unpersuaded by the district court's determination that a permissive interpretation of the Arbitration Agreement Forum

Selection Clause renders superfluous the clause's references to New York and New Jersey law. App'x 14, 16 ("The Parties submit themselves to the personal jurisdiction of the courts of the State of New Jersey and/or New York for any action or proceeding to confirm or enforce a decree of the Arbitrators *pursuant to NJSA 2A:24-1 et seq. and Article 75 of the New York Civil Practice Law and Rules*." (emphasis added)). These references simply confirm that, if a party brings an action pursuant to certain provisions of New Jersey or New York law, he may do so in the state courts of New Jersey or New York. They do not preclude other permissible fora; nor do they specify the law to be applied in any other fora.

Even if we interpreted the Arbitration Agreement Forum Selection Clause as mandatory, we would nonetheless determine that the phrase "courts *in* the State of New Jersey and/or New York" includes federal courts in the state of New York. App'x 14, 16 (emphasis added). This is because we agree with the "widely-

28

accepted rule that forum selection clauses that use the term 'in a state' . . . permit[] jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term 'of a state' . . . limit[] jurisdiction over the parties' dispute to the state courts of the named state." *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010) (cleaned up); *see also, e.g.*, *Seafarers Pension Plan ex rel. Boeing Co. v. Bradway*, 23 F.4th 714, 721 (7th Cir. 2022) ("Most circuits treat forum-selection clause references to courts 'of' a state as not including federal courts in the state, but references to courts 'in' a state as including both state and federal courts located in the state."); *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205–06 (9th Cir. 2011); *New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 548–49 (3d Cir. 2011); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) ("Federal district courts may be *in* [a state], but they are not *of* [that state].").

We turn now to the Settlement Agreement Forum Selection

Clause, and conclude that it is also permissive. This clause provides:

> Any arbitration award of the Bais Din shall be final and binding on each of the Parties, their successors and personal representatives, and judgment may be rendered thereon in any court having jurisdiction thereof. The Parties each hereby *submit to the jurisdiction of* the New Jersey State Courts located in Ocean County or the courts of Israel, as the case may be, for the enforcement of any arbitration award pursuant to this paragraph or for any equitable relief related to the rights and responsibilities contained in this Agreement.

App'x 19 (emphasis added).

We do not interpret the parties' agreement to "submit to the jurisdiction of the New Jersey State Courts located in Ocean County or the courts of Israel" to clearly indicate that the parties must enforce a Bais Din award in *only* these courts. Courts are not limited to adjudicating disputes among parties that "submit" to their jurisdiction. As noted above, a court may exercise personal jurisdiction over an unconsenting party so long as its contacts with the forum satisfy statutory and constitutional requirements. We interpret this language merely as ensuring that *at least* these courts

30

would be available to enforce the award. Our conclusion is reinforced by the statement that judgment may be rendered on a Bais Din award "in any court having jurisdiction thereof"—a phrase that sweeps in far more courts than those in Toms River or Tel Aviv.

Because both the Arbitration Agreement Forum Selection Clause and the Settlement Agreement Forum Selection Clause are permissive, the district court erred by determining that the United States District Court for the Southern District of New York was an improper forum for Rabinowitz to confirm the Arbitration Award.

Having concluded that it lacked subject matter jurisdiction, the district court declined to address a number of other issues raised by the parties. They include (1) Rabinowitz's request for attorney fees and costs, and (2) whether the Arbitration Award was final, Kelman's motion to vacate was timely, and the Bais Din arbitrations exceeded their authority. We intimate no views on these matters and remand to the district court for further proceedings.

### III. Conclusion

In sum, we hold as follows:

1.  The district court erred by dismissing the Petition for lack of subject matter jurisdiction. The Petition adequately pleaded diversity of citizenship among the parties under 28 U.S.C. § 1332(a)(2). Because parties cannot contractually strip a district court of its subject matter jurisdiction, it was error to conclude that the forum selection clause did so.

2.  We interpret the forum selection clauses as permissive arrangements that merely allow litigation in certain fora, rather than mandatory provisions that require litigation to occur only there. Accordingly, applying the modified *forum non conveniens* framework, the forum selection clauses did not bar proceedings from going forward in the United States District Court for the Southern District of New York.

We therefore VACATE the judgment of dismissal based on lack of

subject matter jurisdiction and REMAND to the district court for

further proceedings.