24-1389-cv
*Rabinowitz v. Kelman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-five.

Present:
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

BENZION RABINOWITZ,

> *Petitioner-Appellee*,

v.                                 24-1389-cv

LEVI KELMAN,

> *Respondent-Appellant*.

---

| | |
|---|---|
| FOR PETITIONER-APPELLEE: | EFREM SCHWALB, Tal S. Benschar, Koffsky Schwalb LLC, New York, NY. |
| FOR RESPONDENT-APPELLANT: | DOMINIC J. APRILE, Bathgate, Wegener & Wolf, P.C., Lakewood, NJ. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellee Benzion Rabinowitz invested several million dollars with Respondent-Appellant Levi Kelman. After a dispute arose, Rabinowitz and Kelman settled their differences in a February 2018 agreement (the "Settlement Agreement"). Claims arising out of the Settlement Agreement were to be "submit[ted] exclusively to binding arbitration conducted by Bais Din Maysharim in Lakewood, NJ or its Israeli-affiliated Bais Din in Bnei Brak." App'x at 82. The Settlement Agreement permitted "judgment" to be "rendered thereon in any court having jurisdiction thereof" and provided that the parties "submit[ted] to the jurisdiction of the New Jersey State Courts . . . or the courts of Israel" for such purpose. *Id.*

Rabinowitz later alleged that Kelman breached the Settlement Agreement. The parties signed a second contract provided by the rabbinical court (the "Arbitration Agreement"). The Arbitration Agreement provided that "[t]he decree of the Arbitrators . . . be enforceable in the courts in the State of New Jersey and/or New York." App'x at 89. It also required "[t]he [p]arties" to "submit themselves to the personal jurisdiction of the courts of the State of New Jersey and/or New York for any action or proceeding to confirm or enforce a decree of the Arbitrators pursuant to NJSA 2A:24-1 et. seq. and Article 75 of the New York Civil Practice Law and Rules." *Id.* The rabbinical court ruled in favor of Rabinowitz and directed that Kelman "immediately pay" a sum of $4,000,000 (the "Arbitration Award"). Supp. App'x at 37.

Rabinowitz petitioned to confirm the Arbitration Award in the U.S. District Court for the Southern District of New York, and Kelman moved to vacate. On appeal, we held that the district court had subject-matter jurisdiction over the petition and "interpret[ed] the forum selection clauses as permissive arrangements that merely allow litigation in certain fora, rather than mandatory provisions that require litigation to occur only there." *Rabinowitz v. Kelman*, 75 F.4th 73, 85 (2d Cir. 2023). We explained that these agreements "do not preclude other permissible fora; *nor do they specify the law to be applied in any other fora*." *Id.* at 84 (emphasis added). On remand, the district court confirmed the Arbitration Award and denied Kelman's motion to vacate as untimely under the Federal Arbitration Act (the "FAA"). *See Rabinowitz v. Kelman*, 730 F. Supp. 3d 56, 63-66 (S.D.N.Y. 2024). Kelman now appeals, arguing that the FAA does not govern and that his motion was timely.

"This Court reviews a district court's decision to confirm an arbitration award de novo on questions of law and for clear error on findings of fact." *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019). We assume the parties' familiarity with the remaining underlying facts, procedural history of the case, and issues on appeal.

First, the district court properly applied the FAA. We have already held that the Settlement Agreement and Arbitration Agreement do not "specify the law to be applied" outside of New York or New Jersey state courts. *Rabinowitz*, 75 F.4th at 84. The FAA applies to "contract[s] evidencing a transaction involving commerce." 9 U.S.C. § 2; *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 274 (1995) (interpreting § 2 to cover any transaction "affecting" interstate commerce). The Settlement Agreement and Arbitration Agreement concern a New York citizen's investment in New Jersey real estate with a foreign citizen, so the FAA applies.

3

Although parties *can* contract to be governed by state rules of arbitration, *see Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989), contractual silence does not displace the FAA as the governing law of arbitration in federal courts.

Second, Kelman's motion to vacate the Arbitration Award was untimely. The FAA provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12; *see Wallace v. Buttar*, 378 F.3d 182, 197-98 (2d Cir. 2004) ("We have made clear that a party may not raise a motion to vacate, modify or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm." (quotation marks omitted)). Here, Kelman filed notice of his motion to vacate on May 3, 2021—more than three months after his counsel was notified of the Arbitration Award on January 10, 2021.

Kelman argues that this motion was timely because the Arbitration Award was not final until April 27, 2023, when the rabbinical court issued a separate award for attorney's fees. We disagree. The Arbitration Award finally and definitely disposed of Rabinowitz's breach-of-contract claims in ordering that Kelman "*immediately* pay" $4,000,000. Supp. App'x at 37 (emphasis added). The rabbinical court's subsequent award of attorney's fees has no bearing on finality for purposes of moving to vacate because an arbitration award need not "resolve *every* outstanding issue that might arise in later litigation between the parties." *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 177 (2d Cir. 1998); *see also Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986) ("[A]n award which finally and definitely disposes of a separate independent claim may be confirmed although it does not dispose of all the claims that were submitted to arbitration.").

4

Absent a timely motion to vacate, the district court was bound to confirm the Arbitration Award.   *See* 9 U.S.C. § 9; *Hall St. Assocs., L.L.C. v. Matel. Inc.*, 552 U.S. 576, 582 (2008) ("[A] court must confirm an arbitration award unless it is vacated, modified, or corrected as prescribed in §§ 10 and 11." (quotation marks omitted)).

*     *     *

We have considered the remainder of Kelman's arguments and find them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5